UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EMERALD EQUIPMENT SYSTEMS, INC.
7600 Morgan Road
Liverpool, New York 13090

      Plaintiff,                                  Civil Action No. 5:22-cv-01332 (FJS/ATB)

vs.

VICTORY GARDENS, INC.
424 Easton Road
Warrington, PA 18976

      Defendant.

## COMPLAINT

The Plaintiff, EMERALD EQUIPMENT SYSTEMS, INC., by and through its counsel, hereby files this Verified Complaint against the Defendant, VICTORY GARDENS, INC., and in support thereof, avers as follows:

### The Parties

1. Plaintiff, Emerald Equipment Systems, Inc. ("Emerald" or "Plaintiff"), is a business corporation organized and existing under the laws of the State of New York with its principal place of business of 7600 Morgan Road, Liverpool, NY 13090.

2. Defendant, VICTORY GARDENS, INC. ("VGI"), is a business corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business of 424 Easton Road, Warrington, Bucks County, PA 18976.

1

**Venue and Jurisdiction**

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 based on diversity of citizenship of the parties and the amount of controversy exceeds $75,000.00.

4. The Court has specific personal jurisdiction over VGI because it has sufficient contacts with the State of New York and this judicial district that are continuous, systematic, purposeful, and the claims in this suit arise from those contacts.

5. Venue is proper in this District under 28 U.S.C. §1391(b) because the allegations herein relate to VGI's transactions within this judicial district, and its infliction of injury on Emerald within this judicial district.

6. The Court has personal jurisdiction over VGI because the parties entered into the Sales Contract (the "Contract") submitting to jurisdiction in this District. A copy the Contract is attached hereto as **Exhibit "A"** and incorporated herein by reference.

**Factual Background**

7. On or about November 20, 2020, Emerald and VGI entered into the written Contract, pursuant to which Emerald agreed to sell to VGI certain heavy equipment identified on the Contract, for the agreed-upon price identified on the Contract. *See* Exhibit A.

8. Among other things, the Contract provides at Paragraph 2 as follows: "Interest at 2% per month will be charged on all overdue accounts." *See id.*

9. Moreover, the Contract provides at Paragraph 11 as follows: "Buyer agrees to pay to Seller, in addition to the interest on the overdue sums due, reasonable attorney fees, court costs and other expenses of Seller incurred in enforcing Seller's rights." *See id.*

10. Pursuant to the Contract, Emerald forwarded an invoice to VGI, which detailed the heavy equipment provided to VGI, and evidenced the balance due and owing from VGI to Emerald ("Invoice"). A copy the Invoice is attached hereto as **Exhibit "B"** and incorporated herein by reference.

11. From in or about November 2020 through September 2021, the Defendant made numerous misrepresentations to Emerald, including, but not limited to, repeatedly promising to pay Emerald in full for the heavy equipment provided to VGI, in order to induce Emerald to continue to deal with VGI.

12. As of the date of the filing of this Verified Complaint, the principal balance due and owing from VGI to Emerald for the heavy equipment provided to VGI totals $97,000.00, in addition to interest of two percent (2%) per month per Section 2 of the Contract and attorneys' fees per Section 11 of the Contract, all of which will be proved at the time of trial.

13. Emerald satisfactorily performed all its obligations to VGI due under the Contract by providing the heavy equipment to VGI as agreed upon, but VGI and has breached its contractual obligations owed to Emerald.

14. As a result of the VGI's continued and ongoing failures to abide by its contractual and other obligations, Emerald has suffered damages in the principal sum of $97,000.00, in addition to interest of two percent (2%) per month per Section 2 of the Contract, attorneys' fees per Section 11 of the Contract, statutory interest, costs and expenses of suit, and any other damages available to Emerald under New York law.

## COUNT I
**(Breach of Contract)**

15. Plaintiff incorporates by reference the above paragraphs as if the same were fully set forth herein at length.

16. At all relevant times, Emerald and VGI had a valid existing and enforceable written Contract.

17. VGI breached the Contract by failing to pay Emerald the principal balance for the heavy equipment provided to VGI totaling $97,000.00.

18. Despite repeated and continued demands by Emerald for full payment, VGI has failed and refused to pay any portion of the principal sum of $97,000.00 due to Emerald as of the date of the filing of this Verified Complaint.

19. As a result of the VGI's continued and ongoing failures to abide by its contractual and other obligations, Emerald has suffered damages in the principal sum of $97,000.00, in addition to interest of two percent (2%) per month per Section 2 of the Contract, attorneys' fees per Section 11 of the Contract, statutory interest, costs and expenses of suit, and any other damages available to Emerald under New York law.

## COUNT II
### (Unjust Enrichment)

20. Plaintiff incorporates by reference the above paragraphs as if the same were fully set forth herein at length.

21. Emerald conferred benefits upon Defendant as more fully described hereinabove.

22. Defendant knowingly and willingly accepted and retained the benefits conferred by Emerald and fully appreciated said benefits.

23. Emerald has not been fully or fairly compensated by Defendant for the benefits Emerald conferred upon them.

24. Defendant's acceptance and retention of the benefits conferred by Emerald, without fully or fairly compensating Emerald for said benefits, is unjust and inequitable.

25. Despite repeated and continued demands by Emerald for full payment, Defendant has failed and refused to pay any portion of the principal sum of $97,000.00 due to Emerald.

## COUNT III
**(Account Stated)**

26. Plaintiff incorporates by reference the above paragraphs as if the same were fully set forth herein at length.

27. Emerald forwarded VGI the Invoice totaling $97,000.00 for the heavy equipment provided to VGI.

28. VGI has not objected to the Invoice.

29. On several occasions Emerald has demanded payment of the Invoice, but VGI has failed and/or refused to make payment

30. As a result, $97,000.00 remains due and owing from VGI to Emerald.

31. To date, VGI has failed to remit full payment for the Invoice, which remains due and owing.

WHEREFORE, Plaintiff, EMERALD EQUIPMENT SYSTEMS, INC., demands judgment against the Defendant, VICTORY GARDENS, INC., as follows:

(a) An award of damages and restitution to EMERALD EQUIPMENT SYSTEMS, INC. adequate to compensate it for Defendant's breach of the Contracts in an amount to be proven at trial, but not less than $97,000.00, together with interest of two percent (2%) per month per the Contract, and pre-judgment and post-judgment interest on the damages awarded;

(b) An award of costs and reasonable attorneys' fees per the Contract; and

(c) An award to Plaintiff of such other and further relief as the Court may deem just and proper.

DATED:   Buffalo, New York
         December 9, 2022

                                     **LIPPES MATHIAS LLP**

                                     */s/ Richard M. Scherer, Jr.*
                                     Richard M. Scherer, Jr., Esq.
                                     *Attorneys for Plaintiff*
                                     50 Fountain Plaza, Suite 1700
                                     Buffalo, NY 14202
                                     T: 716-853-5100
                                     F: 716-853-5199
                                     rscherer@lippes.com